UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

v.                                          Case No: 8:21-cv-1904-CEH-UAM

MIDNIGHT TIRES INC., LUIS
RAFAEL MATEU ROBLES, ROY
CHRISTOPHER PULLINS, DONNA
FAYE PULLINS and CHRISTY
DAWN PULLINS,

    Defendants.

_____/

## ORDER

This cause comes before the Court on Plaintiff Southern-Owners Insurance Company's ("Southern-Owners") Motion for Clarification of this Court's Order Granting Summary Judgment in Favor of Southern-Owners. Doc. 74.

Southern-Owners notes that the Court's September 19, 2023, summary judgment order held that it has no duty to defend or indemnify Defendant Midnight Tires, Inc. in connection with an underlying lawsuit. *Id.* ¶ 7; Doc. 73 at 12. However, Plaintiff asserts that its complaint, amended complaint, and motion for summary judgment sought a declaration that there is no coverage under its insurance policy for any claims alleged against Midnight Tires, Inc. or Defendant Luis Rafael Mateu Robles, and that it has no duty to defend or indemnify either defendant in the

underlying action. Doc. 74 ¶ 8. As such, Plaintiff requests that the Court clarify that it has no duty to defend or indemnify Robles, in addition to Midnight Tires. *Id.* ¶ 9.

Having reviewed the complaint (Docs. 1, 3), the amended complaint (Doc. 36), Plaintiff's summary judgment motion (Doc. 49), and the Court's Order on summary judgment (Doc. 73), the Court will grant the motion for clarification to the extent that it will clarify that the Southern-Owners Policy does not cover the claims in the underlying action, including the claims against Robles. Thus, under the policy of insurance #46-104-299-01 issued to Midnight Tires, Inc., Southern-Owners has no duty to defend or indemnify Defendant Luis Rafael Mateu Robles or Defendant Midnight Tires, Inc. in connection with the Underlying Action.

As stated in the Court's Order:

> [U]ndisputed extrinsic evidence shows that the Policy does not cover the underlying claims. Thus, this case falls within the exception to the eight corners rule, and the Court finds it appropriate to consider the uncontroverted extrinsic evidence in determining that Plaintiff has no duty to defend. Based on the undisputed evidence of the vehicle's ownership, there is no coverage under the Southern-Owners' Policy for the claims in the underlying action . . .

Doc. 73 at 10.

Therefore, as there is no coverage under the Southern-Owners policy for any of the claims in the underlying action, the Court will grant the Motion for Clarification to the extent that it will clarify that Plaintiff Southern-Owners Insurance Company has no duty to defend or indemnify Defendant Midnight Tires Inc. and/or Defendant Luis Rafael Mateu Robles in connection with the underlying action. The Court's declaratory judgment, to be issued by separate order, will so reflect.

**DONE** and **ORDERED** in Tampa, Florida on November 22, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties